IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

Case No. 7:16-CR-00022-M

UNITED STATES OF AMERICA

v.

WALTER THOMAS FRANKS, JR.,

Defendant.

ORDER

This matter comes before the court on the Defendant's Motion for Termination of Supervised Release [DE 47]. Defendant seeks an order pursuant to 18 U.S.C. § 3583(e)(1) terminating his three-year supervised release term, which commenced in May 2023. Defendant's Probation Officer does not object, but the United States opposes the motion, arguing that "compliance with supervised release does not itself constitute the type of changed circumstances or 'exceptionally good behavior' that justifies early termination." DE 50 at 4.

In determining a particular sentence to be imposed, the court must consider the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed to afford adequate deterrence to criminal conduct, the need to protect the public from further crimes of the defendant, and the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553(a). In addition, under 18 U.S.C. § 3583(d), the court may impose any condition of supervised release so long as the condition "(1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D); and (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D)." 18 U.S.C. § 3583(d).

The court may, after considering the § 3553(a) factors, "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). The decision whether to terminate supervised release is left to the court's discretion. *See United States v. Pregent*, 190 F.3d 279, 283 (4th Cir. 1999).

Defendant commenced supervision on or about May 25, 2023 and, thus, has served approximately 27 months of the 36-month term. The United States does not dispute that Defendant participated in and completed several courses and programs while incarcerated and during his supervision, including vocational courses and health programs. Defendant also holds a full-time job and has had no violations of his conditions since supervision began. Despite the United States' contention that Defendant has failed to identify a "new or unforeseen circumstance" justifying early termination, Defendant states that, "[w]hile he enjoys his work, [he] has explored job opportunities in Georgia where he has some family and can earn higher wages." DE 47 at 2. Moreover, counsel advises that he conferred with Defendant's probation officer, Taia Johnson, who "does not object." *Id.* at 3. In fact, as the government noted,

> According to the supervising probation office, Mr. Franks has maintained compliance throughout supervision. He has a stable residence, has maintained employment at Jenkins Electric, and has paid his financial obligation in full. The supervising probation office has no objection to early termination, and if supervision of this case had remained in the sentencing district, he would have been eligible for our Early Termination Program and the probation office would have ultimately submitted a request for termination to the court.

DE 50 at 3-4.

2

Case 7:16-cr-00022-M   Document 52   Filed 08/29/25   Page 2 of 3

The United States argues that Defendant qualified as a career offender, was responsible for distribution of 4.17 grams of heroin and possession of a firearm in connection with his drug-trafficking activities, and was sentenced to 100 months' imprisonment. *Id.* at 1-2. The government believes this history supports a finding that Defendant should remain on supervision and complete the last nine months of his term.

Having considered the § 3553 factors and the entire record in this case, the court concludes that the Defendant has demonstrated a sufficient basis for granting his requested relief. While the court recognizes the seriousness of Defendant's convictions and prior criminal conduct, Defendant has completed his lengthy prison sentence and appears to have successfully rehabilitated and performed tasks necessary to help him transition to a law-abiding life. Defendant's full compliance with his conditions and laudatory conduct during supervision demonstrates his respect for the law and assuages any concern by this court that the public may need further protection from any crimes by the Defendant. That Defendant desires to seek more fulfilling, legitimate employment reflects his healthy ambition for self-betterment – the court applauds Defendant and encourages him in this regard.

This court has discretion in determining whether to terminate a supervised release term before its expiration and whether to modify release conditions. Here, the court has considered the motion, the record, and the relevant factors established in § 3553(a), and finds that Defendant demonstrates a sound basis for his request. Accordingly, the motion is GRANTED. The government shall the release the Defendant from his current term of supervision.

SO ORDERED this 29th day of August, 2025.

RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE